## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| UNITED TRANSPORTATION UNION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-190-GPM |
| | ) | |
| THE ALTON & SOUTHERN RAILWAY COMPANY, THE BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY, CSX TRANSPORTATION, INC., THE KANSAS CITY SOUTHERN RAILWAY COMPANY, MANUFACTURERS RAILWAY COMPANY, NORFOLK SOUTHERN CORPORATION, TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS, and UNION PACIFIC RAILROAD COMPANY, | ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MOTION OF THE RAIL LABOR BARGAINING COALITION
## FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF

The Rail Labor Bargaining Coalition ("RLBC") hereby moves for leave to file an amicus curiae brief in support of the position asserted by the plaintiff, United Transportation Union, in this litigation. As shown below, the RLBC is encountering conduct by the National Carriers Conference Committee ("NCCC"), allegedly in derogation of the carriers' bargaining obligation under § 2, First of the Railway Labor Act, 45 U.S.C. § 152, First, during this round of national handling that is quite similar to the carriers' conduct at issue in this proceeding. That fact alone assures that the movant possesses a special interest in this case, and that the

matters asserted in the proposed amicus brief accompanying this motion are relevant to its final disposition.

This motion is supported by the following facts and circumstances:

1.      The RLBC is an unincorporated association comprised of seven (7) so-called "standard rail labor organizations," [1]/ each of which represents craft or class employees working for the nation's rail carriers, including the defendant Class I freight railroads which are parties to this action (Exh. B).  Nearly one-half of all unionized employees in the industry are represented by the RLBC's members.

2.      As the designated "representative" of its organization members, the RLBC bargains with the NCCC which represents many, if not all, Class I rail carriers in this round of national handling.  The NCCC serves as bargaining agent for each of the defendants (Exh. A).

3.      The current round of national handling began on or about November 1, 2004 when the NCCC served § 6 Notices, advising RLBC members and other standard rail labor organizations, including plaintiff United Transportation Union, of changes the carriers proposed to make in the rates of pay, rules and working conditions of their employees (Exh. A).  On January 3, 2005, the RLBC served a §

---

[1]      American Train Dispatchers Association (ATDA); Brotherhood of Locomotive Engineers and Trainmen (BLET); Brotherhood of Maintenance of Way Employes (BMWED); Brotherhood of Railroad Signalmen (BRS); International Brotherhood of Boilermakers (IBB); National Conference of Firemen and Oilers (NCFO); and the Sheet Metal Workers International Association (SMWIA).

6 Notice on the NCCC, advising of wage, rule and benefit changes common to all seven crafts that it sought to obtain during bargaining (Exh. B). [2]/

4.   The NCCC's § 6 Notice to each of the RLBC's organization members contained a proposal calling for the development of "a joint legislative proposal governing employee compensation for on-the-job injuries . . . ." to replace the current fault-based system prescribed by the Federal Employers' Liability Act. The Notice went on to state: "If a joint legislative proposal . . . is not developed and enacted, all rates of pay will be reduced by an amount that represent the excess costs to the railroads attributable to FELA" (Exh. A).

5.   The NCCC's notice of intended change in national legislation is not a "rate of pay, rule or working condition" over which the RLBC and its member organizations are obliged to bargain by the Railway Labor Act. To the contrary, the carriers' proposal will hinder and delay wage negotiations and frustrate agreement over pay rates.

6.   No substantive discussions over rates of pay occurred between the RLBC and the NCCC during 2005 before December 16th, when the NCCC declared an impasse and requested the National Mediation Board to proffer arbitration under § 5, First of the Railway Labor Act, 45 U.S.C. § 155, First (Exh. C). The purpose of the NCCC's request was to obtain a release from mediation which, in turn, would lead to the parties' exercise of self-help in support of their §

---

[2]   Other notices not germane to this litigation were served by RLBC-represented organizations on the NCCC and the carriers it represents during this bargaining round.

6 Notices, or the appointment of an Emergency board under § 10 of the RLA, 45

U.S.C. § 160.  It was objected to by the RLBC (Exh. D).

       7.     The NCCC did not withdraw its joint legislative proposal before

declaring an impasse.  Although the NCCC advised the National Mediation Board,

on February 13, 2006, that it was "voluntarily withdrawing [its] release request," it

continues to stand on its joint legislative proposal, along with all other proposed

changes described in its § 6 Notice.  The stated reason for withdrawing its release

request was to "ensure that [the NCCC's] dispute with the RLBC does not reach a

crisis point while . . . [its] bargaining dispute with UTU (and other organizations)

remains unresolved" (Exh. E).

       WHEREFORE, the RLBC has a special interest in the subject-matter of this

litigation and is able to present information pertinent to the UTU's second claim

for relief due to the progress of the bargaining dispute between the RLBC and the

NCCC; thus, the RLBC's motion for leave to file the accompanying amicus brief

should be granted.

March 6, 2006                        Respectfully submitted,

                                       BAPTISTE & WILDER, P.C.
                                       1150 Connecticut Avenue, N.W.
                                       Suite 500
                                       Washington, D.C. 20036
                                       (202) 223-0723

                 By:     /s/Roland P. Wilder, Jr.
                                       Roland P. Wilder, Jr.

                                       Attorneys for the Rail Labor Bargaining
                                       Coalition, *Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of March, 2006, I electronically filed the foregoing Motion of the Rail Labor Bargaining Coalition for Leave to File an Amicus Curiae Brief, Proposed Order and the Declaration of George J. Francisco, using the CM/ECF system which will send notification of this filing to:

Clinton J. Miller, III, Esq.
United Transportation
14600 Detroit Avenue
Cleveland, OH 44107

John T. Papa, Esq.
Callis, Papa, Hale, Szewczyk, Rodney & Danziner, P.C.
1326 Niedringhaus Avenue
Granite City, IL 62040

Clifford A. Godiner, Esq.
Rodney A. Harrison, Esq.
Thompson Coburn LLP
One U.S. Bank Plaza
St. Louis, MO 63101-1693

Ralph J. Moore, Jr., Esq.
Thomas E. Reinert, Jr., Esq.
Jonathan C. Fritts, Esq.
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

/s/Roland P. Wilder, Jr.
Roland P. Wilder, Jr.